UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIO GONZALES<br><br>      Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | 10-CV-4132-WJM<br><br>ORDER |

**THIS MATTER** comes before the Court upon Petitioner Mario Gonzales's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. On October 31, 2008, Gonzales pled guilty to one count of knowingly and intentionally conspiring to distribute and to possess with intent to distribute five kilograms or more of cocaine and one kilogram or more of heroin, in violation of 21 U.S.C. § 846. On August 19, 2009, this Court sentenced Gonzales to ten years imprisonment and five years of Supervised Release. On August 9, 2010, petitioner filed a letter petition requesting that this Court review his sentence. On August 13, 2010, this Court responded with an order advising Gonzales of his rights under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999). Gonzales filed the present, amended petition on October 1, 2010. Gonzales argues that this Court sentenced him to five years of Supervised Release but that it originally "offered" to sentence him to three years of Supervised Release in exchange for his guilty plea. Gonzales insists that review of the transcripts from his plea and sentencing hearings will reveal this discrepancy. At the request of Gonzales, the official transcripts of both

proceedings were entered onto the docket on June 7, 2011. On June 14, 2011, this Court ordered that Gonzales would have 45 to amend his petition, or the Court would rule on his petition as filed. The 45 days have passed, and Gonzales has neither amended his petition nor contacted the Court to indicate that he intends to make any amendment, and so the Court will rule on the petition as filed.

The Court has reviewed the petition and the transcripts for both hearings, and Gonzales is incorrect. At the October 31, 2008 plea hearing, the Court made plain that if Gonzales entered a guilty plea, the term of Supervised Release would be five years: "you have to understand that you will also be faced with a term of Supervised Release of at least five years, which begins at the expiration of any time of prison. Do you understand that?" Tr. 5:13-18. To which Gonzales replied "Yes, sir." Tr. 5:19. At the August 19, 2009 sentencing hearing, counsel for Gonzales raised the issue of whether the term for Supervised Release was five years or three years:

> MR. SCHMUKLER: I believe in our previous proceedings, perhaps even earlier today, you mentioned a term of Supervised Release of possibly three years. Did we hear you correctly?
> THE COURT: I think I said five years. Correct?
> MR. SCHMUKLER: Well, you imposed five but we thought you said three.
> THE COURT: I don't think I said three. I don't think I ever addressed that, Mr. Schmukler.
> MR. SCHMUKLER: I think it was during the previous proceedings you mentioned that that was the contemplated sentence.
> THE COURT: Well, I don't see any reason why it shouldn't be five. He was on Supervised Release, and that might help him when he gets out to stay away from drugs so I'm going to leave it the way it is, Mr. Schmukler, as five years.

Tr. 8:25-9:15. It is unclear why Gonzales and his counsel ever thought that the term of Supervised Release would be three years; other than this passage in the transcripts from the sentencing hearing, a three-year term of Supervised Release was never discussed by

this Court at either hearing. And as noted, review of the plea hearing transcripts makes clear that the mandatory minimum term of Supervised Release was always five years. The plea agreement, signed by Gonzales, is in accord. But if there were ever any real confusion as to the proper term of Supervised Release, the above exchange from the August 19, 2009 sentencing hearing put it to rest. Gonzales has failed to show any error which would entitle him to relief under 28 U.S.C. § 2255.

For the foregoing reasons and for good cause shown;

**IT IS** on this 8th day of August 2011, hereby,

**ORDERED** that Gonzales's petition is denied.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**